UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CIVIL ACTION NO. 07-197-DLB

**NANCY LEIDNER,**                                                                                     **PLAINTIFF**

v.

**MICHAEL CHERTOFF, SECRETARY OF**
**DEPARTMENT OF HOMELAND SECURITY, et al.,**                              **DEFENDANTS**

**REPORT & RECOMMENDATION**

Plaintiff has moved to file a second amended complaint to include additional counts of alleged retaliation relating to the revocation of plaintiff's security clearance on December 31, 2009. Plaintiff argues that the new counts should be permitted on the basis that the revocation of plaintiff's security clearance was made by the A-SAC in retaliation for plaintiff's prior EEO complaints. Defendant opposes the motion to amend on grounds of futility, arguing that the proposed amendment would not survive a motion to dismiss. Pursuant to local practice and the court's pretrial order, plaintiff's motion was referred to the undersigned magistrate judge. Having now completed review, I conclude that plaintiff's motion to amend should be denied.

Defendant argues - and plaintiff concedes - that the Sixth Circuit as well as all other courts to consider the issue have held that federal courts lack jurisdiction to review an agency decision to revoke a security clearance. *See generally Tenenbaum v. Caldera*, 45 Fed. Appx. 416, 2002 WL 2026347 (6th Cir. Aug. 29, 2002), *cert. denied,* 539 U.S. 926 (2003); (*citing Department of Navy v. Egan*, 484 U.S. 518 (1988), additional citations omitted). Judicial review of such decisions is strictly limited to narrow circumstances, such as where an agency is alleged to have violated its own regulations in revoking the security clearance. *Id.* In this case, no

violation of the agency's own procedures has been alleged; in fact, the record reflects that the agency's administrative remedies may yet remain available to plaintiff.[1]

Rather than making allegations that might fall within the permissible narrow scope of judicial review, plaintiff instead urges this court to disregard the cited cases in favor of permitting broader judicial review of the revocation of the security clearance. However, it is the function of this court to interpret the law, not to create it. I find no basis for distinguishing the published and unpublished case law that holds, uniformly, that judicial review of the agency's security revocation is precluded on the facts presented.

Similarly, plaintiff has offered no basis for permitting amendment to include a new claim against individual federal Transportation Security Administration employees under 42 U.S.C. §1983. The referenced statute provides a remedy for the deprivation of civil rights under color of *state* law, but provides no basis for a claim against *federal* employees.

Accordingly, **IT IS RECOMMENDED THAT:**

Plaintiff's motion to amend and request for additional time for discovery [Doc. 45] be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and

---

[1] It is unclear whether plaintiff has availed herself of these remedies. The letter revoking her security clearance, dated December 24, 2009, reflects that plaintiff had thirty days from receipt of that letter in which to file an administrative appeal.

specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 5th day of February, 2010.

Signed By:
**J. Gregory Wehrman**
**United States Magistrate Judge**